P. A. Johnson, Plaintiff in Error, v. Paul Feyrirsen,
Defendant in Error.

Gen. No. 21,684.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARTHUR J.
GRAY, Judge, presiding. Heard in this court at the October term,
1915. Reversed and judgment here for $717.58 for plaintiff. Opin-
ion filed March 27, 1916.

### Statement of the Case.

Action by P. A. Johnson, plaintiff, against Paul
Feyrirsen, defendant, for balance of contract price due
under terms of contract to erect building. From a
judgment allowing him $404.90, after the deduction of
damages for defendant's recoupment, plaintiff brings
error.

Plaintiff had a contract to do certain work in the
erection of a building for defendant and after all the
work had been done received an architect's certificate
for $671, the balance of the contract price. By the
terms of the contract plaintiff agreed to complete all
the work he had undertaken to do on or  prior  to
August 25, 1914. As a matter of fact this he failed
as to one store to do. The work of plaintiff on this
store was completed on September 15, 1914, a delay

of twenty-one days. Defendant claimed that he had rented this store to a tenant who had paid $5 on account to bind the bargain, at a rental of $35 a month, which was the reasonable rental value of the store.

Defendant testified that he never saw this prospective tenant again and was unable to find him. The store remained unrented until May 15, 1915, and defendant claimed that the loss of the prospective tenant was due to the store not being ready for occupancy by such tenant at the time plaintiff had contracted to complete his work. Defendant claimed that the measure of his damages was the rental value of the store during the time it remained unrented, and the trial judge, heeding defendant's contention, gave judgment for $404.90, the amount of the architect's certificate, less the rental value of the store at the rate of $35 a month from August 25, 1914, when plaintiff's work should have been completed, to May 15, 1915, when defendant succeeded in securing a tenant. Plaintiff asked for a reversal and a judgment in his favor for the amount of the architect's certificate with interest, less the rental value of the store for twenty-one days, defendant's damages assessable for noncompletion within the contract time.

KREMER & GREENFIELD, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 18*—*when owner of building may recoup damages for delay in action by contractor.* Where a defendant claims damages by reason of delay in the performance of a building contract, whereby such defendant has been deprived of the use of the building, he may recoup the same in a suit against him by the contractor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. DAMAGES, § 66*—*what is measure of for delay in performance of building contract.* The measure of damages for delay in performance of a building contract which the owner may recoup in a suit against him by the contractor is the fair rental value from the time when the premises should have been completed under the terms of the contract until the time of completion.